Opinion for the court filed by Circuit Judge NEWMAN. Dissenting opinion filed by Circuit Judge PROST.
NEWMAN, Circuit Judge.
Patent applicants David Buszard, Matthew D. Phillips, Richard S. Rose and Stephen B. Falloon (together “Buszard”) seek review of the decision of the Board of Patent Appeals and Interferences[1] holding all of the claims in the patent application unpatentable on the ground of anticipation, 35 U.S.C. § 102. We reverse the Board’s decision as to anticipation and remand for completion of examination.
BACKGROUND
Buszard’s patent application, Serial No. 10/429,429, is directed to a flame retardant composition that produces a flexible polyurethane foam, and the flexible foamed article made from that composition. Claims 1 and 13 were treated as representative:
1. A flame retardant composition comprising:
a dialkyl tetrahalophthalate ester; a phosphorus-containing flame retardant having at least about 5 wt.% phosphorus, and
a flexible polyurethane foam reaction mixture.
13. A flexible foamed article made from the flame retardant composition of claim 1.
The Board held that the claims are anticipated by a patent to Eling et al. entitled “Process for making rigid and flexible polyurethane foams.” The relevant content of the Eling reference is fairly summarized in Eling’s claims 1 and 2:
1. Process for preparing a rigid foam by reacting a polyisocyanate (1), an isoc-yanate-reactive compound (2), said compound (2) having an average equivalent weight of at most 374 and an average number of isocyanate-reactive hydrogen atoms of from 2 to 8, an isocyanate-reactive compound (3), said compound (3) having an average equivalent weight of more than 374 and an average number of isocyanate-reactive hydrogen atoms of from 2 to 6 and water in the presence of a catalyst and in the presence of a fire retardant....
*1366 2. Process for preparing a flexible foam by crushing the rigid foam prepared according to the process according to claim 1.
Thus Eling prepares both a rigid foam and a flexible foam; the rigid foam is produced by the chemical reaction of compounds that form a rigid foam, and Eling’s flexible foam is produced by crushing the rigid foam. In contrast, Buszard’s flexible foam is produced by the chemical reaction of compounds that directly form a flexible foam, and do not produce a rigid foam.
The Board held Buszard’s claims to be anticipated “because the appellants’ claimed reaction mixture includes any reaction mixture which produces, at least ultimately, a flexible polyurethane foam.” Buszard appeals, arguing that his claims explicitly state the requirement of a “flexible polyurethane foam reaction mixture,” and that this claim element is not shown in the Eling reference, thereby negating “anticipation.”
DISCUSSION
Decisions of the PTO tribunals are reviewed in accordance with the standards of the Administrative Procedure Act. See Dickinson v. Zurko, 527 U.S. 150, 165, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (applying the Administrative Procedure Act, 5 U.S.C. § 706, to appeals of PTO rulings). Thus the Board’s factual findings are reviewed to determine whether they are unsupported by substantial evidence, and the Board’s legal conclusions are reviewed for correctness in law. See In re Gartside, 203 F.3d 1305, 1312 (Fed. Cir.2000).
“A rejection for anticipation under section 102 requires that each and every limitation of the claimed invention be disclosed in a single prior art reference.” In re Paulsen, 30 F.3d 1475, 1478-79 (Fed. Cir.1994); see Karsten Manufacturing Corp. v. Cleveland Golf Co., 242 F.3d 1376, 1383 (Fed.Cir.2001) (“Invalidity on the ground of ‘anticipation’ requires lack of novelty of the invention as claimed .... that is, all of the elements and limitations of the claim must be shown in a single prior reference, arranged as in the claim.”).
Buszard argues that the Eling reference shows only a rigid polyurethane foam which when mechanically crushed loses its rigidity because it is in small particles. Buszard states that the Eling rigid foam product is chemically different from a flexible polyurethane foam that is directly produced by polymerization, without crushing, and that this difference is readily understood by a person of ordinary skill in the field of polyurethane foams. Thus Buszard states that the flexible foam mixture required by his claims is different in kind from the rigid foam mixture described by Eling, whether or not Eling’s product is subsequently crushed into small particles.
The PTO states that Buszard’s claims, when given their broadest interpretation, read on the Eling product and thus are anticipated by Eling. Buszard states that this interpretation is devoid of support, even when viewed in accordance with the protocols of patent examination. During examination, the patent application claims may be given their broadest interpretation consistent with the specification, in order to facilitate sharpening and clarifying the claims at the application stage. In re Yamamoto, 740 F.2d 1569, 1571 (Fed.Cir.1984) (“The PTO broadly interprets claims during examination of a patent application since the applicant may ‘amend his claims to obtain protection commensurate with his actual contribution to the art.’ ”) (citation omitted). Thus the patent examiner and the applicant, in the *1367 give and take of rejection and response, work toward defining the metes and bounds of the invention to be patented. See In re Zletz, 893 F.2d 319, 321-22 (Fed. Cir.1989) (the broadest reasonable construction of claims during examination serves to target ambiguities in claims at the time when the claims are readily amended). As explained in Zletz: “An essential purpose of patent examination is to fashion claims that are precise, clear, correct, and unambiguous. Only in this way can uncertainties of claim scope be removed, as much as possible, during the administrative process.” Id. at 322. Buszard argues that the Board’s construction of the claims to read on and thus be anticipated by Eling’s crushed solid foam is not reasonable.
The Board interpreted the claim term “flexible polyurethane foam reaction mixture” to mean “any reaction mixture which produces, at least ultimately, a flexible polyurethane foam.” Buszard states that persons experienced in the field of polyurethane foams know that a flexible polyurethane foam reaction mixture is different from a rigid polyurethane foam reaction mixture, and that this process limitation cannot be found in Eling, no matter how broadly that reference is read. The PTO Solicitor agreed, at the argument of this appeal, that the flexibility or rigidity of foamed polyurethane depends on the composition of the reaction mixture, which controls the degree of chemical cross-linking and thus the flexibility of the polymer. The Solicitor agreed that a person of ordinary skill in the field of polyurethane foams knows that a flexible foam and a rigid foam have different chemical structures and are produced from different chemical reactants. Nonetheless, the Solicitor argued that the rejection should be sustained simply because the examiner is entitled to give claims their broadest reasonable interpretation during examination. Buszard responded that the examiner’s interpretation is not reasonable, as a matter of well-known chemistry, for flexible foam reaction mixtures are different from rigid foam reaction mixtures, and one does not encompass the other.
The Solicitor proposed at oral argument that when a rigid foam is mechanically crushed, the chemical bonds are broken and the product is the same as the flexible product of a flexible foam reaction mixture. There was no rejection on this ground, there is no evidence or argument to this effect in the record, this theory was not mentioned by any examiner or in the Board’s opinion, and it appears to be contrary to science. This theory was proposed without support or citation, and without opportunity for Buszard to refute it. It is not sufficiently creditable to warrant further consideration.
Buszard’s specification and claims specifically state the requirement of a flexible polyurethane foam reaction mixture. No matter how broadly “flexible foam reaction mixture” is construed, it is not a rigid foam reaction mixture. The Eling reference describes only a rigid foam reaction mixture that produces a rigid product. Only by mechanically crushing the rigid product into small particles is it rendered flexible, as a rock can be mechanically crushed to produce particles of sand. This description cannot reasonably be construed to describe, and thus to “anticipate,” the flexible foam product of a flexible foam reaction mixture. We agree with Buszard that it is not a reasonable claim interpretation to equate “flexible” with “rigid,” or to equate a crushed rigid polyurethane foam with a flexible polyurethane foam.
The decision of the Board is reversed, and the case is remanded for appropriate further proceedings.

REVERSED and REMANDED

. In re Buszard, No.2006-1120, 2006 WL 1665669 (Bd. Pat.App. & Int. Apr. 20, 2006).