NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1475
(Serial No. 10/330,732)

IN RE YOUSEF DANESHVAR

Yousef Daneshvar, of West Bloomfield, Michigan, pro se.

Raymond T. Chen, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office.  With him on the brief were Scott C. Weidenfeller and Frances M. Lynch, Associate Solicitors.

Appealed from:  United States Patent and Trademark Office
                Board of Patent Appeals and Interferences

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1475
(Serial No. 10/330,732)

IN RE YOUSEF DANESHVAR

Appeal from the United States Patent and Trademark Office,
Board of Patent Appeals and Interferences.

_____

DECIDED: February 18, 2010
_____

Before BRYSON, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Yousef Daneshvar challenges the decision of the Board of Patent Appeals and Interferences affirming the rejection of his patent application. We <u>reverse</u> and <u>remand</u>.

## BACKGROUND

Dr. Daneshvar's application relates to an apparatus for dressing a wound. The invention features a "relatively stiff support" that is secured over the wound using one or more "relatively stretchable straps." The examiner rejected claims 11, 12, 14, 16-20, 23-26, 30, 31, and 33 under 35 U.S.C. § 102(b) as anticipated by U.S. Patent No. 5,779,657 ("the '657 patent"). Before the Board, Dr. Daneshvar separately argued the patentability of claims 11, 16, 23, 26, 27, 30, and 33. The Board considered those

claims as representative and affirmed the rejection. In addition, the examiner rejected claims 11, 13, 15, 27, 28, and 32 under 35 U.S.C. § 103(a) as obvious over the '657 patent. The Board selected claim 11 as representative and held that the claim was obvious because it was anticipated. Dr. Daneshvar appealed.

DISCUSSION

All of the rejected claims require a strap that "comprises relatively stretchable material that directly attaches to the attachment means . . . ." The Board held that the '657 patent discloses that limitation because it teaches that the straps can be elastic and that the straps can be directly attached to the support by an attachment means such as Velcro. Dr. Daneshvar argues that the claim language requires the straps to contain a material that is both stretchable and capable of directly attaching to the attachment means, and that the record does not show that the Velcro components disclosed in the '657 patent have both of those properties.

We agree with Dr. Daneshvar. The Board did not reject Dr. Daneshvar's argument that the claim language dictates that the relatively stretchable material must directly attach to the attachment means. Under that construction, if the '657 patent is to anticipate claim 11 it must disclose a material that is both stretchable and capable of attaching directly to the attachment means. The Board found that two separate strap embodiments in the '657 patent disclosed that element: a strap made of the loop-type Velcro described in the patent, and a strap made of elastic material having an end piece of Velcro. Those findings, however, are not supported by substantial evidence in the record. While the '657 patent teaches a strap incorporating a loop-type material and also describes a strap having elastic components, the '657 patent does not disclose a

strap made of a material that is both stretchable and capable of attaching directly to the attachment means.

Regarding the '657 strap embodiment in which the strap is made of loop-type Velcro, the '657 patent does not disclose that the Velcro material is stretchable. The government argues that the Board could properly conclude from the '657 patent that the loop-type Velcro itself constitutes "relatively stretchable material." The Board, however, did not find that the '657 patent described the Velcro as being stretchable. It simply stated that the '657 patent taught that the strap may be stretchable and that the strap may contain Velcro. Yet while the '657 patent teaches both elastic and inelastic straps, it does not indicate that Velcro is an example of elastic material.[1]

Regarding the other strap embodiment of the '657 patent, in which the strap is made of elastic material having an end piece of Velcro, the Board concluded that "any Velcro end pieces which are part of either the strap or the support [are] a portion of part of the strap or support, and not an intervening material." Thus the Board reasoned that the strap in Figure 8 of the '657 patent, "which may be a stretchable material, directly attaches to support unit 49 via end pieces which may include patches of Velcro." That was error. While the Velcro end pieces of this embodiment are attached to and carried on the strap, they are nonetheless separate components that intervene between and prevent direct connection of the stretchable strap material and the attachment means.

Because the '657 patent does not describe loop-type Velcro as being "relatively stretchable" or Velcro end pieces that are integral with and a part of the strap, and

---

[1] The government's citation to a commercial pamphlet describing Velcro is of no assistance because the pamphlet was not shown to be evidence of record.

because the Board pointed to nothing else in the record to fill those evidentiary gaps, we hold that the Board erred in affirming the anticipation rejection. Moreover, because the Board's obviousness determination was based entirely on its anticipation ruling, the Board's error on anticipation undermines its obviousness determination as well. Thus neither ground of rejection can be sustained.

At this stage, we are limited to reviewing the grounds relied on by the agency. See SEC v. Chenery Corp., 332 U.S. 194 (1947); In re Buszard, 504 F.3d 1364, 1367 (Fed. Cir. 2007). Our decision addresses only the grounds employed by the Board, on the record before it, for affirming the examiner's rejections; beyond that limited holding, we do not direct the manner in which the agency should proceed on remand or indicate how the issue of patentability should ultimately be resolved. See, e.g., In re Lister, 583 F.3d 1307, 1317 n.4 (Fed. Cir. 2009). Accordingly, we reverse the Board's decision and remand for further proceedings.